No. 12,574.

KISER ET AL. *v.* LOVETT ET AL.

INJUNCTION.—*Restraining Order in Vacation.*—*Must be in Writing and Signed by Judge.*—*Action on Bond.*—A restraining order, made in vacation, to be effective must be reduced to writing and signed by the judge, and in case of a suit upon the injunction bond for damages, a recovery can not be had unless this fact is shown.

From the Madison Circuit Court.

*M. A. Chipman,* for appellants.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

MITCHELL, J.—Kiser and wife sued John W. Lovett on an injunction bond. It was averred in the complaint that, in April, 1881, the plaintiffs were about to erect a building on premises belonging to them, to be used as a stable, woodhouse and buggy shed, when the defendant instituted proceedings in the Madison Circuit Court to enjoin them from erecting the proposed building.

It was further alleged that, pending the suit for that purpose, the defendant applied to the judge of the Madison Circuit Court in chambers, for a temporary restraining order, and that upon due notice, and on filing the undertaking sued on, an order temporarily enjoining the plaintiffs was duly made by the judge. Such further proceedings were afterwards had at the ensuing June term, 1881, as that the order enjoining the plaintiffs was made perpetual.

An appeal was taken to the Supreme Court, where, it is averred, the order making the injunction perpetual was reversed. Subsequently, Lovett voluntarily dismissed his suit. Various items of damage are specified as having accrued to the plaintiffs during the time the erection of the building was suspended by the injunction.

The case was tried by a jury, upon an issue formed by the general denial. There was a verdict and judgment for the defendants.

The overruling of a motion for a new trial is assigned for

error. Several questions are discussed under this assignment, but one which embraces and controls all the others is this: Was there a temporary restraining order made by the judge, and if there was, was it necessary that it should have been reduced to writing, or may the fact and the terms of the order be proved by parol?

The record of the original cause, in which it is alleged the temporary restraining order was granted, was put in evidence. This shows that, on April 26th, 1881, a verified complaint setting forth the grievances of the complainant, and the alleged grounds for an injunction, was filed in the clerk's office. An undertaking corresponding to that sued on appears in the record. Upon this is endorsed the approval of the presiding judge of the Madison Circuit Court, at chambers. As respects any injunction or restraining order, nothing further appears in the record introduced. The record being in this State, the plaintiffs undertook to supply it by parol. They gave testimony tending to prove that a restraining order had been granted by the judge at chambers; that such order was either reduced to writing and signed by the judge, or that it was agreed by the parties that it need not be reduced to writing.

The defendants' evidence tended to show that when the parties met before the judge at chambers, it was agreed that, as the term of court was near at hand, the plaintiffs would voluntarily suspend work on the proposed building until the matter was disposed of on the final hearing, and that no restraining order was made, and no agreement that its reduction to writing should be waived. As relevant to this feature of the case, the court, after telling the jury that to enable the plaintiffs to recover they must have proved that a restraining order had been granted, instructed them further as follows: "A temporary restraining order granted in vacation must be in writing, and signed by the judge granting it, in order to have any binding force, and if you find that the plaintiff has failed to show by a preponderance of evidence

that the restraining order mentioned was so made and signed, your finding should be for the defendant." This instruction, as applied to the evidence before the jury, was correct.

Without doubt it was competent to prove by parol that an order had been made and signed by the judge at chambers, and that it had been lost or mislaid, so that it could not be produced in evidence. Possibly, the formal order or entry might have been supplied *nunc pro tunc* upon proper proof and notice, as in other cases of *misprision* or failure to enter of record that which actually occurred, and which was intended to be recorded.

It can not, however, be maintained that a valid restraining order may be purposely made to continue and exist in parol. It is necessary that it should be in writing. Not only so, but it should be so clear and explicit in its terms, that all persons to be affected by it should be definitely informed as to what they are restrained from doing. Granting an injunction is the exercise of extraordinary power by a judge, and it can not be tolerated that this extraordinary power may be exerted, involving consequences of the highest concern to both parties, without any other memorial than the fugitive recollection of the parties. Of course, a party may be guilty of violating an injunction after the order has been made and before it is reduced to writing, but that is a different thing from agreeing that a restraining order shall be made by parol, or that parties will be bound the same as if an injunction had issued, when none has in fact been legally made.

It may be conceded that the statute does not, in terms, require that restraining orders should be in writing and signed. This, however, was the rule in chancery. 2 Daniell Ch. Pr. 1672. It is also the clear implication of the statute. Section 1155, R. S. 1881, is as follows: "It shall not be necessary to issue a writ of injunction, but the clerk shall issue a copy of the order of injunction, duly certified," etc. See, also, sec. 1158.

If the judge at chambers, when the application was made,

announced that a restraining order might go, and the parties thereupon agreed that the order need not be written out and signed, but that those against whom it was asked would voluntarily suspend work until the final hearing, the whole matter thenceforth rested upon the agreement, and not upon an order of the court. Neither party would have been in contempt if he had disregarded the agreement.

The jury must have found, as well they might have, that no restraining order was in fact made; that work was suspended by agreement of the parties, as claimed by the defendants. Having thus found, all the other questions relating to the evidence and to other instructions asked and refused, are immaterial.

The work having been suspended by agreement, without any restraining order, the bond sued on never became effective for any purpose. The case stood as though no temporary restraining order had been applied for.

Whether or not the judge announced that a restraining order might go, is immaterial. If the parties agreed that no order need be made, that is, written up and signed, and that work would be suspended until the final hearing, then the suspension was in pursuance of the agreement, and not by force of any restraining order made by the judge.

The instruction was right. This necessarily disposes of all the other questions in any way material to the decision of the case.

The jury having found that the appellant was not entitled to recover anything, it is equivalent to a finding that no restraining order was made. The case ought not, therefore, to be sent back, even if an incorrect ruling had been made upon an incidental question.

The judgment is affirmed, with costs.

Filed May 13, 1886.