THE BALTIMORE AND OHIO RAILROAD COMPANY ET AL. *v.* THE WABASH RAILROAD COMPANY.

[No. 4,276.   Filed January 13, 1902.]

APPELLATE COURT.—*Injunction.*—*Appeal and Error.*—The Appellate Court has no authority to issue injunctions except in aid of the exercise of its appellate jurisdiction, or to enforce its judgments or orders.   *p. 187.*

APPEAL AND ERROR.—*Ancillary Injunction.*—Where a party applying for injunctive relief pending an appeal does not ask the prevention of anything authorized by the judgment appealed from, but consents that until the final hearing the judgment of the court below shall be carried into effect, and it is not alleged or suggested that anything is being attempted or threatened except what is authorized by the judgment, an ancillary injunction will not be issued. *pp. 187, 188.*

SAME.—*Ancillary Injunction.*—Pending an appeal from a judgment appropriating a crossing of the railway of the appellee over the previously constructed railway of appellants, appellants obtained a restraining order until the hearing of an application for an injunction could be had.   Before the day set for such hearing the appellee filed its motion to dissolve the restraining order.   *Held*, that the granting of an injunction would render no substantial aid to the court's jurisdiction.   *pp. 188, 189.*

Pending an appeal by the Baltimore & Ohio Railroad Company and the Baltimore & Ohio & Chicago Railroad Company from a judgment by the DeKalb Circuit Court granting the Wabash Railroad Company a crossing at grade over the tracks of the former, the appellants made application for an injunction *pendente lite.*   Application denied.

*J. H. Collins, J. E. Rose, J. H. Rose, M. Winfield, W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller*, for petitioners.

*W. V. Stewart, E. P. Hammond, D. W. Simms* and *A. C. Harris*, for respondent.

PER CURIAM.—There is now pending in this court an appeal wherein The Baltimore and Ohio Railroad Company and The Baltimore and Ohio and Chicago Railroad Com-

pany are the appellants, and The Wabash Railroad Company is the appellee, in a proceeding brought under the statute, in the DeKalb Circuit Court, by the appellee, for the appropriation of a crossing of the railway of the appellee over the previously constructed railway of which The Baltimore and Ohio and Chicago Railroad Company is the owner, and The Baltimore and Ohio Railroad Company is the lessee.

Upon the petition of the appellants in this court for an injunction, a restraining order was issued until, upon notice, a hearing of the application for an injunction could be had. Before the day set for such hearing, the appellee filed its motion to dissolve the restraining order. Thereupon the restraining order was modified in accordance with an agreement of the parties recited in the order modifying the original restraining order. At the appointed time, the application for an injunction came on for hearing before the court. By the terms of the restraining order as thus modified, the appellee, The Wabash Railroad Company, has been restrained, until this hearing and the further order of this court, from proceeding with the construction or use of a permanent grade crossing, the appellee being permitted, however, to proceed with the construction of its railroad between New Haven and Butler, Indiana, using for that purpose the crossing in question, and the appellee being also permitted to proceed with the erection of a tower and the putting in of an interlocking system.

Upon this hearing the appellants have proposed a further modification, consenting and proposing that the injunction, if granted pending the final determination of the appeal by this court, shall restrain the appellee as now restrained by the modified restraining order, except that the appellee, by the terms of the injunction, shall be expressly authorized to use said crossing for all purposes of its business, *pendente lite*, until this court shall make a further order herein; which would involve, we think, the use of the crossing not

merely for the purpose of the construction of the appellee's railway, and the crossing in question at grade as directed by the court below, but also generally for the purpose of the transaction of the commercial business of the appellee upon its railroad.

Such a general use of the crossing and railway for purposes of construction and in the transportation of freight and passengers until the appeal can be brought on in due course to final hearing will, of course, necessitate such construction of the railway and crossing as will not unduly endanger the safety of the persons of the employes or passengers on either of the railways or involve risk of loss of property transported thereon. It can not be contemplated that such use shall be made of the crossing in question for such indefinite period without its being made as safe as if it were intended for permanent use in the same manner. This will involve, we think, a construction and general use of a crossing at grade, such as is contemplated in the judgment from which the appeal is pending.

This court has not authority to issue injunctions except in aid of the exercise of its appellate jurisdiction, or to enforce its judgments or orders. Such an ancillary injunction as is here sought is issued to insure the effective operation of our judgment on the merits of the appeal, by preventing such interference with the subject-matter of the litigation as will detract from the full efficiency of our final determination of the cause in which the ancillary order is made. It is not the purpose of such an order to grant permission to do, pending the appeal, that which is already authorized by the judgment of the trial court, but rather to restrain merely such conduct as would render inefficient or less effective our judgment upon the final hearing of the appeal. If the party applying for our injunctive interference does not ask the prevention, pending the appeal, of anything authorized by the judgment appealed from, but consents that until the final hearing the judgment of the court below shall be car-

ried into effect, and it is not alleged or suggested that anything is being attempted or threatened except what is authorized by the judgment of that court, there does not seem to be any proper occasion for the exercise of our authority to issue an ancillary injunction.

If upon such a hearing as this we could look into the merits of the appeal so far as to foresee that it will be our duty to affirm the judgment, we, of course, would have no occasion to assist ourselves by way of the issuance of an injunction. It is because of the possibility that we may have occasion to reverse the judgment, when we come upon final hearing to inquire into the merits of the cause, that, upon proper application, we may grant the injunction, if satisfied that without it our judgment of reversal will not be duly effective.

We gather from what has been presented on this hearing that the real matter in controversy relates to the mode of the crossing. The court having authorized and directed a crossing at grade, the vital question in dispute is whether or not another mode of crossing should have been directed. The crossing is already in use by the appellee. If we should find it our duty to reverse the judgment, as to which we, of course, are not now prepared to form or express any opinion, not having heard the cause for the determination of the merits of the appeal, we apprehend that the construction of a crossing at grade pursuant to the judgment of the court below, from which the appeal is taken, will not prevent us from directing by our mandate such further proceedings in the cause as will obviate any available error which we may find in the record in any part of the proceedings in the court below. If we should find ourselves authorized and required to disapprove and reverse the proceedings whereby the mode of crossing was determined and defined, and under which it has been made and is in use, the fact that a grade crossing has been made will not prevent the making and enforcing of a proper determination of the matter.

If it be admitted that a grade crossing has already been made, and is now in use, and if upon consent of the petitioners we expressly negative in our order a purpose thereby to prevent construction or general use, then it would seem to be manifest that the carrying into full effect of any judgment we may be able to make, affecting the mode of crossing, and reversing the judgment under which the right to a particular mode is claimed and exercised, will not be aided by an injunction which shall be operative only pending the appeal.

While we will not hesitate to assert control over the status of the subject-matter of a pending appeal whereby we may guard sedulously our own jurisdiction, we ought not, we think, to persevere in a merely formal restraint which renders no substantial aid to our jurisdiction.

Upon these considerations, the application of the appellants for an injunction is denied, and the restraining order heretofore issued herein is hereby dissolved.