# GUBBINS *v.* DELANEY ET AL.

### [No. 9,581.   Filed March 14, 1917.]

1.  INJUNCTION.—*Action Injunction Bond.—Accrual of Right.*—
No right of action accrues upon an injunction bond until the
court has finally decided that plaintiff was not entitled to the
injunction, or until something occurs equivalent to such a de-
cision.  p. 71.

2.  INJUNCTION.—*Liability on Injunction Bond.—Voluntary Dis-
missal of Action.*—The voluntary and unconditional dismissal
by the plaintiff of a suit for an injunction is equivalent to a
judicial determination that the proceeding was wrongful, since
thereby the plaintiff is held to have confessed that he was not
entitled to the equitable relief sought.  p. 71.

3.  INJUNCTION. — *Liability on Injunction Bond. — Dismissal of
Action by Agreement.*—When the dismissal of a suit for an
injunction is by an amicable and voluntary agreement of the
parties, it is not a confession by the plaintiff that he had no
right to the injunction granted, and does not operate as a
judgment to that effect.  p. 71.

4.  INJUNCTION.—*Liability on Injunction Bond.—Dissolution of
Restraining Order.*—Where, in a suit between partners for an
injunction, an order upon defendant and his depository re-
straining him from disposing of the deposit and the depository
from paying such money to him or his order was superseded by
an agreement between the parties for a receivership, so that
the court was not required to, and did not, determine whether
the procuring of the restraining order was wrongful or unjus-

tifiable, and the final order of the court formally decreeing the dissolution of the restraining order was but in recognition of what had been accomplished by agreement, defendant in the main action could not recover damages on the injunction bond. p. 72.

From Delaware Circuit Court; *William H. Eichhorn,* Special Judge.

Action by John F. Gubbins against Cornelius Delaney and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Edward R. Templer,* for appellant.

*George Koons, George Koons Jr., Frederick F. McClellan, Donald D. Hensel* and *Leonidas A. Guthrie,* for appellees.

CALDWELL, J.—Appellant brought this action against appellees Delaney and Lyons as principals, and appellee Matthews as surety, on an injunction bond to recover damages for its alleged breach. A trial before a special judge resulted in a finding and judgment in favor of appellees. The questions properly presented arise on appellant's exceptions reserved to conclusions of law stated on a special finding.

The substance of the finding is as follows: On and prior to September 13, 1911, Gubbins, Delaney and Lyons, under the firm name of John F. Gubbins & Co., were partners in doing brick, cement and street improvement work. On that day Lyons and Delaney filed in the Delaware Circuit Court their verified complaint making defendants thereto appellant and the People's Trust Company of Muncie, alleging, among other things, that appellant had been guilty of certain misconduct as a partner and that he was insolvent; and praying for a dissolution of the partnership, that a receiver be appointed over its property and assets, that an accounting be had, and that an injunction issue against appellant and the trust company. The cause so instituted was

No. 6624 in the Delaware Circuit Court. Delaney and Lyons thereupon executed and filed the undertaking, on the alleged breach of which this action is predicated, Matthews being surety thereon, and asked and obtained without notice a restraining order directed to Gubbins and the trust company. The restraining order, a copy of which was duly served, is set out in the finding, and was to the effect that until the further order of the court on a hearing pursuant to notice, Gubbins was restrained from disposing of or converting to his own use a certain sum of $10,392.78, collected by him on September 11, 1911, as the last installment of the contract price for the improvement of Broadway, a street in a suburb of the city of Muncie, which work was performed by the partnership pursuant to a contract with the city, and which sum was deposited by Gubbins with the trust company in his individual name. The trust company was likewise restrained from paying such money to Gubbins or on his order. It thereupon became necessary for Gubbins to, and he did, employ attorneys to represent him in said action and also to resist the injunction feature thereof. The court fixed September 15, 1911, as the day when there should be a hearing on the question of whether a temporary injunction should issue, and notice was accordingly served on defendants to said proceeding. Such hearing was not had however, and no temporary injunction was ordered or issued. The restraining order remained unmodified until November 1, 1911, and it was not formally dissolved by order of court until final judgment in the main action. The issues in the main action were completed September 28, 1911, by an answer in general denial filed by Gubbins and the trust company, at which time they filed also their verified motion to dissolve the restraining order. The cause was thereupon submitted to the

court for trial on the issues as so formed, and on the motion to dissolve the restraining order.

On November 1, 1911, after the trial had proceeded several days, Gubbins, Delaney and Lyons filed in open court a certain written agreement executed by them on October 26, 1911, in substance as follows: That the judge of the Delaware Circuit Court might refer the cause to the probate commissioner of said court to hear the evidence and report his finding, and that to that end a longhand manuscript of the evidence already heard might be used as evidence; that the parties would submit their further evidence in a friendly manner, waiving technicalities, and with a view to arriving at a just accounting on the entire partnership business, and of all matters involved in said cause; that Gubbins should dismiss a certain slander suit commenced by him against Lyons, and that Lyons should make a proper retraction; that the firm of Gubbins & Co., with the consent of the common council of the city of Newcastle, should assign to Gubbins a certain street-improvement contract held by the partnership for the improvement of a public street in Newcastle, Gubbins to execute to Lyons and Delaney certain indemnity to save them harmless as against a certain bond executed by the firm to secure the performance of the work; that Gubbins in performing such contract should have the free use of a certain concrete mixer, owned by the firm, such use to continue until the completion of the work, unless the mixer should be sold by the receiver of the partnership; that as soon as the assignment of the Newcastle contract to Gubbins had been accomplished, the court might appoint a receiver for the firm, who should take charge of all its property and assets, including assets derived from the Broadway work and certain other public improvement contracts performed in the city of Muncie, as to certain of which, not including the Broadway

work, there was recognized to be controversy between the parties as to whether they were partnership enterprises or the individual enterprises of Gubbins; that the receiver should reduce such assets to possession and to cash and pay the debts of the firm; that the court might order the trust company to pay two outstanding checks of the respective sums of $147.24 and $50, drawn by Gubbins against his account with the trust company, and that the amount of the balance of such account should be paid by the trust company to the partnership receiver, to be disposed of under order of court; that the receiver should make disposition of all the assets of the partnership and wind up its affairs under order of court, and subject to the court's determination whether such contracts as to which there was controversy, as aforesaid, were firm contracts or the individual enterprises of Gubbins, and also whether the moneys on deposit with the trust company in Gubbins' name were his moneys rather than that of the firm; that the court might decree a dissolution of the partnership and order and take an accounting.

Said agreement, as we have indicated, was filed in open court on November 1, 1911. The court thereupon ordered it spread of record, and rendered thereon and on the evidence that had been heard its finding and order, carrying out the stipulations of the agreement. Among the provisions of the order may be mentioned the following: The appointing of a receiver, with orders to take charge of the assets of the partnership, pay its debts and wind up its affairs under the order of the court, subject to certain matters to be determined by the court, as specified by the agreement; that the trust company pay to the receiver the amount of the Gubbins account, subject to the payment of the two checks outstanding; that the receiver give bond in the sum of $15,000. The court thereupon decreed the dissolution

of the partnership and ordered an accounting, and to that end referred the matter to the probate commissioner to hear the evidence and report the facts. The hearing before the court in cause No. 6624, and as continued before the commissioner, involved partnership assets amounting to $45,000. Prior to the entering of the order dissolving the partnership, directing an accounting and appointing a receiver, Gubbins' attorneys performed certain necessary legal services in preparing to try and in trying the issues joined on the complaint, and in presenting the motion to dissolve the restraining order, which services, aside from preparing and filing such motion, were reasonably worth $500. It was reasonably worth $15 to prepare and file the motion to dissolve the restraining order. All the services rendered by the attorneys for Gubbins in cause No. 6624, except the preparing and filing of the motion to dissolve the restraining order, were the kind of services necessary to be rendered in preparing to try and in trying the issues made by the general denial, and the complaint, namely, whether the plaintiffs in that proceeding were entitled to a dissolution of the partnership, the appointment of a receiver, and an accounting.

On May 4, 1912, the court in cause No. 6624 adopted the finding of the probate commissioner as reported to the court, and thereupon rendered judgment and decree to the following effect: That the partnership was indebted to Gubbins in the sum of $87; that the partnership was not indebted to Delaney or Lyons and that neither of them was indebted to the partnership; that the receiver take notice of such facts in his distribution; that of the funds on deposit with the trust company in Gubbins's individual name at the time of the appointing of the receiver, the receiver restore to the trust company $602.92, to be placed to the credit of Gubbins, such sum being private funds of Gubbins se-

questered under and by virtue of the restraining order. The court as part of the decree formally dissolved the restraining order.

The correctness of the finding of the court in 'the case at bar, the substance of which is above set out, is not challenged. On the finding the court stated three conclusions of law, to the first and second of which appellant reserved exceptions. The third was adverse to appellee Lyons on a cross-complaint filed by him, and need not be further noticed. The first and second conclusions were to the effect that appellant was not entitled to recover anything, and that appellees were entitled to recover costs.

We proceed to consider the correctness of the first and second conclusions of law. "No right of action accrues upon an injunction bond until the court 1. has finally decided that plaintiff was not entitled to the injunction, or until something occurs equivalent to such a decision." 22 Cyc 1027, 1028. See, also, *Columbus, etc., R. Co.* v. *Burke* (1896), 54 Ohio St. 98, 43 N. E. 282, 32 L. R. A. 329; *St. Joseph, etc., Power Co.* v. *Graham* (1905), 165 Ind. 16, 74 N. E. 498, 6 Ann. Cas. 399. The voluntary and unconditional dismissal of the proceed- 2. ings by the plaintiff is equivalent to a judicial determination that the proceeding for an injunction was wrongful, since thereby the plaintiff is held to have confessed that he was not entitled to the equitable relief sought. *St. Joseph, etc., R. Co.* v. *Graham, supra; Swan* v. *Timmons* (1881), 81 Ind. 243; *Tullock* v. *Mulvane* (1901), 184 U. S. 497, 22 Sup. Ct. 372, 46 L. Ed. 657.

"When, however, the dismissal of the action is 3. by an amicable and voluntary agreement of the parties, the same is not a confession by the plaintiff that he had no right to the injunction granted, and

does not operate as a judgment to that effect." St. Joseph, etc., Power Co. v. Graham, supra, and cases.

As we have indicated, the finding was to the effect that by the order here Gubbins was restrained until the further order of the court on notice and a

4. hearing, from disposing of $10,392.78 or any part of it, collected by him as the last installment of the contract price due the partnership for performing certain street-improvement work for the city of Muncie, and deposited by him with the trust company in his own name. The pleadings indicate that of said sum he had, prior to the service of the restraining order, checked $8,000 into the partnership account in another bank, but the finding is silent as to such fact. The sole purpose of the restraining order and all that it could or did accomplish was the sequestering of the money in Gubbins' account subject to check in order that he might not dispose of it except by the determination and order of the court. While the court was trying the questions relating to the dissolution of the partnership, the appointing of a receiver to wind up its affairs, and an accounting among its members and incidentally whether the procuring of the restraining order was justifiable, the parties entered into the agreement filed November 1, 1911. That agreement amicably adjusted a lot of the controversies that had arisen. By its terms the parties agreed that there should be a dissolution of the partnership; that a receiver should be appointed; and that there should be an accounting. By it valuable rights were conceded to appellant, which otherwise he would not have acquired, and certain controversies were adjusted. By it the parties agreed not only that a receiver should be appointed, but also that he should take charge of and administer under the order of the court all the assets of the partnership including the funds for the temporary protection of which

the restraining order had been procured. By its order, to which the parties not only assented, but also the rendering of which they actively participated in procuring, the court gave vitality to such agreement. Thus, by agreement, the parties procured the appointing of a receiver, and procured that by order of court he should and did take possession of the entire fund for the preservation of which the restraining order was issued, and thus by agreement the parties accomplished the purposes of the injunction, and thereby rendered it unnecessary for the court to determine whether the issuing of the restraining order was wrongful. Appellant voluntarily agreed that the purpose of the restraining order might be accomplished in another manner. Appellees by procuring the restraining order manifested a contention that the fund should be preserved. Appellant by his agreement impliedly conceded that appellees were right in their contention. In our judgment since the receivership accomplished the purposes of the restraining order, the former thereby superseded the latter; that, as a consequence, the court was not required to and did not determine that the procuring of the latter was wrongful or unjustifiable; that the provision of the final order by which the court formally decreed the dissolution of the restraining order was but in recognition of what had theretofore been accomplished by agreement. Without considering other arguments presented by the briefs in support of the decisions of the trial court, we conclude that there is no error in the conclusions of law, and that the judgment should be affirmed. See the following: *Columbus, etc., R. Co.* v. *Burke, supra; Palmer* v. *Foley* (1877), 71 N. Y. 106; *Johnson* v. *Elwood* (1880), 82 N. Y. 362; *Gray* v. *Bremer* (1904), 122 Iowa 110, 97 N. W. 991; *Scott* v. *Frank* (1903), 121 Iowa 218, 96 N. W. 764; *Large* v. *Steer* (1888), 121 Pa. St. 30, 15 Atl. 490; 2 High, In-

junctions (4th ed.) §1350; *Courtland Paper Co.* v. *Shields* (1899), (Tenn. Ch. App.) 56 S. W. 278; *Kizer* v. *Lovett* (1886), 106 Ind. 325, 328, 6 N. E. 816; *Baltimore, etc., R. Co.* v. *Wabash R. Co.* (1901), 28 Ind. App. 185, 62 N. E. 520. Judgment affirmed.

NOTE.—Reported in 115 N. E. 340. Injunction: dismissal of suit as a breach of the bond, 6 Ann. Cas. 401; enforcement of bond on the dissolution of a temporary injunction, 15 Ann. Cas. 721. See under (1-4) 22 Cyc 1027, 1028.