Debbie **PFLEDERER**, as Personal Representative of the Estate of Douglas Schmidt, Appellant–Defendant,

v.

**KESSLERWOOD LAKE ASSOCIATION, INC.,** Appellee–Plaintiff.

No. 49A02–0706–CV–456.

Court of Appeals of Indiana.

Dec. 31, 2007.

---

Kent D. Zepick, Karl L. Mulvaney, Nana Quay–Smith, Bingham McHale LLP, David M. Brooks, Brooks Koch & Sorg, Indianapolis, IN, Attorneys for Appellant.

Jan N. Campbell, John M. Mead, Leeuw Oberlies & Campbell, P.C., Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Debbie Pflederer, as personal representative of the estate of her brother, Douglas Schmidt, appeals from the denial of Schmidt's motion to correct error following the denial of his motion for attorney's fees and costs pursuant to Indiana Trial Rule 65(C). We reverse and remand for a hearing to determine the amount of fees and costs to which Schmidt is entitled for defending against a wrongfully issued injunction.

### Issue

Was Schmidt's Trial Rule 65(C) motion properly before the trial court?

### Facts and Procedural History

On August 14, 1997, Kesslerwood Lake Association, Inc. ("KLA"), filed a complaint for injunctive relief and a motion for a temporary restraining order ("TRO") to prevent Schmidt from completing a seawall on his property that allegedly violated KLA's covenants. On August 19, 1997, the trial court issued a TRO in favor of KLA, requiring Schmidt to cease construction of the seawall.

On November 7, 1997, Schmidt filed an answer and affirmative defenses. In his prayer for relief, he requested that KLA "take nothing by way of its Complaint, and for the cost of this action, attorney's fees, and all other relief just and proper in the premises." Appellant's App. at 42. On May 28, 1999, Schmidt filed an amended answer, affirmative defenses, and counterclaims for abuse of process and intentional infliction of emotional distress, in which he reiterated his prayer for relief. On July 7, 1999, the trial court issued a preliminary injunction in favor of KLA. Schmidt appealed, and this Court affirmed the preliminary injunction order. *Schmidt v. Kesslerwood Lake Ass'n,* No. 49A05–9908–CV–362, 727 N.E.2d 40 (Ind.Ct.App. Apr.13, 2000) ("*Schmidt I*"), *reh'g denied.*

In preparing for trial on KLA's request for a permanent injunction, Schmidt asserted that KLA's responses to his requests for admissions were inadequate and filed motions for a Trial Rule 37(C) hear-

ing.[1] The trial court ultimately denied Schmidt's motions and awarded KLA $26,026.50 in attorney's fees for successfully defending against them, with judgment to be entered upon entry of a final order. Schmidt filed an interlocutory appeal, which this Court dismissed as premature. *Schmidt v. Kesslerwood Lake Ass'n*, No. 49A02–0304–CV351, 807 N.E.2d 812 (Ind. Ct.App. Apr.15, 2004) (*"Schmidt II "*).

KLA's request for a permanent injunction was tried to the bench in early 2001, and the court took the matter under advisement for more than ninety days. Upon Schmidt's motion, the Indiana Supreme Court appointed a special judge pursuant to Trial Rule 53.2(A).[2] The parties stipulated that the special judge would rule on the trial transcript and the paper record. In an order dated July 30, 2004, the court denied KLA's request for a permanent injunction, finding that Schmidt's seawall did not violate KLA's covenants. The court further dissolved the preliminary injunction, denied KLA's request for damages and attorney's fees, denied Schmidt's counterclaim for abuse of process[3] and related request for attorney's fees, and entered judgment for KLA in the amount of $26,026.50 in accordance with the prior ruling. Schmidt filed a motion to correct error, which the court denied.

KLA appealed the dissolution of the preliminary injunction and the denial of its request for a permanent injunction. Schmidt cross-appealed the denial of his Trial Rule 37(C) motions, the award of attorney's fees to KLA, the denial of his counterclaim and related request for attorney's fees, and the denial of his motion to correct error. Another panel of this Court affirmed the trial court in all respects in an unpublished memorandum decision. *Kesslerwood Lake Ass'n v. Schmidt*, No. 49A02–0408–CV–710, 845 N.E.2d 1114 (Ind.Ct.App. Mar.17, 2006) (*"Schmidt III "*), reh'g denied, trans. denied.

Schmidt filed a petition for rehearing with this Court, which was denied. Schmidt then filed a petition to transfer to our supreme court. The argument section of Schmidt's petition contains eight separate subsections, the last of which reads in pertinent part as follows:

> The Court should award Schmidt attorney fees because he proved the truth of matters asserted in his [requests for admission]. Upon dissolution of the preliminary injunction, Schmidt became entitled to an award of attorney fees for having been wrongfully enjoined. T.R. 65(C). *Hampton v. Morgan*, 654 N.E.2d 8, 10 (Ind.Ct.App.1995).

---

**1.** *See* Ind. Trial Rule 37(C) ("If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(A), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that he might prevail on the matter, or (4)

there was other good reason for the failure to admit.").

**2.** *See* Ind. Trial Rule 53.2(A) ("Whenever a cause ... has been tried to the court and taken under advisement by the judge, and the judge fails to determine any issue of law or fact within ninety (90) days, the submission of all the pending issues and the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.").

**3.** Apparently, Schmidt's counterclaim for intentional infliction of emotional distress had fallen by the wayside.

Appellant's App. at 528. On October 3, 2006, our supreme court denied Schmidt's petition to transfer. Also on that date, the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court certified this Court's decision in *Schmidt III* pursuant to Indiana Appellate Rule 65(E).[4]

Three weeks later, on October 26, 2006, Schmidt filed with the trial court a motion alleging that he had been wrongfully enjoined and therefore was entitled to attorney's fees and costs pursuant to Trial Rule 65(C). *See* Ind. Trial Rule 65(C) ("No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."). In his motion, Schmidt requested a hearing to determine the amount of such fees and costs. KLA responded that the issue had previously been raised by and decided adversely to Schmidt.

On March 19, 2007, the trial court issued an order denying Schmidt's motion, which states in pertinent part, "There is no pending action before this Court that would allow this [C]ourt to re-assume jurisdiction in this matter, all issues having previously been adjudicated." Appellant's App. at 20. Schmidt filed a motion to correct error, which the trial court denied on May 7, 2007. This appeal ensued. Schmidt died on June 24, 2007, and Pflederer was substituted as a successor party pursuant to Appellate Rule 17(B). For simplicity's sake, we refer only to Schmidt hereafter.

## Discussion and Decision

Schmidt appeals from the denial of his Trial Rule 65(c) motion. In *National Sanitary Supply Co. v. Wright*, we explained that Trial Rule 65(C)

> is an exception to the American Rule, recognized in Indiana, which generally makes parties responsible for their own attorney fees. The reason for the exception is that preliminary injunctions do not require a full hearing on the facts of a case and, thus, there is a likelihood that an injunction may be wrongfully issued. The security contemplated by T.R. 65(C) is intended to protect and compensate a defendant for any damages incurred as a result of a wrongfully issued preliminary injunction.

644 N.E.2d 903, 905 (Ind.Ct.App.1994) (citations omitted), *trans. denied* (1995). We went on to hold that

> the test for determining if a preliminary injunction was wrongfully issued is not whether the injunction was ultimately dissolved but rather whether injunctive relief was warranted under the facts of the case. A defendant's entitlement to attorney fees and costs under T.R. 65(C) arises when he proves that it has been finally or ultimately determined that injunctive relief was not warranted on the merits.

*Id.* at 906 (footnote omitted).

It is undisputed that the preliminary injunction in favor of KLA was wrongfully issued. Given that KLA appealed the trial court's dissolution of the preliminary injunction and denial of its request for a

---

4. *See* Ind. Appellate Rule 65(E) ("The Clerk shall certify the opinion or memorandum decision to the trial court or Administrative Agency only after the time for all Petitions for Rehearing, Transfer, or Review has expired, unless all the parties request earlier certification. If the Supreme Court grants transfer or review, the Clerk shall not certify any opinion or memorandum decision until final disposition by the Supreme Court. The trial court, Administrative Agency, and parties shall not take any action in reliance upon the opinion or memorandum decision until the opinion or memorandum decision is certified.").

permanent injunction, the wrongfulness of the injunction was not "finally or ultimately determined" until October 3, 2006, when the Clerk certified this Court's decision in *Schmidt III* upholding the trial court's judgment. Consequently, Schmidt's entitlement to attorney's fees and costs pursuant to Trial Rule 65(C) did not arise until that date.

The question, then, is whether the trial court erred in concluding that the issue of Trial Rule 65(C) fees and costs had already been adjudicated. Contrary to KLA's assertion, Schmidt did not specifically raise the issue of Trial Rule 65(C) fees and costs until his petition to transfer.[5] Our supreme court denied the petition without specifically ruling on Schmidt's Trial Rule 65(C) request or remanding the issue to the trial court.

We find this of no moment. Only after the certification of our decision in *Schmidt III* could the wrongfulness of the injunction be said to be "finally or ultimately determined" and the amount of Trial Rule 65(C) fees and costs to which Schmidt is entitled be fully ascertained. In other words, these issues did not become ripe for adjudication until after

*Schmidt III* was certified. *See IDEM v. Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 336 (Ind.1994) ("Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record."); *see also Gubbins v. Delaney*, 64 Ind.App. 65, 71, 115 N.E. 340, 342 (1917) ("No right of action accrues upon an injunction bond until the court has finally decided that plaintiff was not entitled to the injunction, or until something occurs equivalent to such decision.") (citation and quotation marks omitted); Ind. Appellate Rule 65(E) ("The trial court ... and parties shall not take any action in reliance upon the opinion or memorandum decision until the opinion or memorandum decision is certified."). As such, Schmidt's Trial 65(C) motion was properly before the trial court. *See Hampton v. Morgan*, 654 N.E.2d 8 (Ind.Ct.App.1995); *Palace Pharmacy, Inc. v. Gardner & Guidone, Inc.*, 164 Ind.App. 513, 329 N.E.2d 642 (1975), *trans. denied.*[6] Therefore, we reverse and remand for a hearing to determine

---

5. KLA directs us to several filings and rulings that mention attorney's fees and damages. Except for Schmidt's petition to transfer, none of those documents specifically mention Trial 65(C). Our review of the record indicates that the fees and damages mentioned in those documents relate to Schmidt's counterclaim. Even if Schmidt had invoked Trial Rule 65(C) prior to his petition to transfer, we would conclude that the motion at issue was properly before the trial court for the reasons given *infra*.

6. The appellant in *Hampton* filed Trial Rule 65(C) motions both before and after the trial court dissolved a preliminary injunction against him. Apparently, the appellees did not appeal that ruling. The trial court denied Hampton's second Trial Rule 65(C) motion without a hearing, and Hampton appealed. We reversed, stating,

We are unpersuaded by the argument that the lack of evidence of damages contained in the record is fatal to Hampton's right to a hearing. Mindful that the presentation of such evidence would be one of the primary purposes of a hearing on damages, we cannot justify the denial of the motion on grounds arguably resulting from said denial, that is, the lack of evidence of damages in the record.

*Hampton*, 654 N.E.2d at 10. In *Palace Pharmacy*, we affirmed the trial court's award of attorney's fees to the appellee, who had filed a Trial Rule 65(C) motion after a permanent injunction was reversed on appeal. It is true, as KLA observes, that the timing of the motions was not at issue in those cases, but they certainly lend support to our holding in this case.

the amount of attorney's fees and costs to which Schmidt is entitled pursuant to Trial Rule 65(C).[7]

Reversed and remanded.

DARDEN, J., and MAY, J., concur.

---

**7.** Schmidt asserts that "the fees from this appeal must now be added to the wrongful enjoinder calculus." Appellant's Reply Br. 16. We note that Schmidt's fees from this appeal were incurred in challenging the trial court's denial of his Trial Rule 65(C) motion, not in defending against a wrongful injunction.