CITY OF ELKHART *v.* SMITH ET AL.

[No. 19,710. Filed June 27, 1963. Rehearing denied
September 17, 1963.]

*Richard R. Reynolds,* City Attorney, of Elkhart, for
appellant.

*Austin C. Gildea,* of Elkhart, for appellees.

CLEMENTS, J.—This is an action to recover attorneys'
fees as damages on an injunction bond. The issue was
whether the City of Elkhart could, and did, properly
employ the law firm of Cawley & Byron to represent it
in Cause No. 24885 in the Elkhart Superior Court, so
that counsel fees paid by the city were recoverable as
damages.

The trial was before the court. The court ruled for
the defendants-appellees and against the appellant, City
of Elkhart.

The motion for new trial specifies that the decision of the trial court is contrary to law.

The motion for new trial was submitted to the court without argument, and overruled.

The case was submitted to the trial court solely upon a stipulation of fact. Omitting caption and signature, such stipulation of fact is as follows:

## "AGREED STIPULATION OF FACT

"Come now the parties herein and stipulate that the pertinent facts herein are as follows:

"The plaintiff is a city of the second class existing under the laws of the State of Indiana. It was a defendant in cause number 24885 in this Court in which cause of action the defendants David V. Smith and Arlette M. Smith were plaintiffs. In said cause number 24885, David V. Smith and Arlette M. Smith applied for an order enjoining the City of Elkhart from performing certain acts, and obtained a temporary injunction in their favor upon filing an injunction bond with the American Employers Insurance Company as surety. After trial upon the merits, the temporary injunction was dissolved and the prayer of David V. Smith and Arlette M. Smith for a permanent injunction was denied.

"From the time cause number 24885 was filed through the date of its disposition as above stated, John R. Harman was a duly qualified, licensed, and practicing attorney in the city of Elkhart and was the appointed, qualified and acting city attorney and received the full statutory salary for all of his services.

"On the 17th day of June, 1958, the Board of Public Works and Safety of the City of Elkhart adopted a Resolution authorizing the retaining of the law firm of Cawley & Byron of Elkhart, Indiana, to represent the City in said cause number 24885 because the city attorney was a defendant in said suit, and Cawley & Byron did thereafter represent the City in said matter, performing services which had a reasonable value of Eight

hundred Seventy-seven and no/100 ($877.00) dollars and advanced costs in the sum of Thirteen and 90/100 ($13.90) dollars. Cawley & Byron thereafter submitted an itemized statement for services rendered and costs advanced to the City of Elkhart in the sum of Eight hundred Ninety and 90/100 ($890.00) dollars, which sum the City of Elkhart paid to the law firm of Cawley & Byron.

"No emergency existed in the City of Elkhart at or during the litigation of Cause No. 24885 with relation thereto, nor did the Mayor proclaim such an emergency for the appointment of additional legal counsel.

"There was no special appropriation made for the payment of Cawley & Byron, but the City made payment as above recited from the Board of Public Works and Safety Contingency Fund."

Appellant contends that Acts 1905, ch. 129, §85, p. 219, being §48-1507, Burns' 1950 Replacement, controls. This section provides, in part, as follows:

"No executive department, officer or employee thereof shall have power to bind such city to any contract or agreement, or in any other way, to any extent *beyond the amount of money at the time already appropriated by ordinance for the purposes of such department;* and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations are declared to be absolutetly void: . . . ." (Our italics.)

It is stipulated and agreed that the city attorney was made a defendant in Cause No. 24885, and that the Board of Public Works and Safety, by a resolution, employed the law firm of Cawley & Byron to represent the city. Trial was had and Cawley & Byron were successful in dissolving the temporary injunction and the prayer for permanent injunction was denied. The firm of Cawley & Byron was paid $890 out of the contingency fund of the Board of Public Works and Safety,

which amount was paid for costs advanced and services rendered. It is stipulated that this amount is reasonable. There is no stipulation that the amount paid was beyond the amount of money already appropriated for the department. The fund was available in an existing appropriation. It was paid out of the existing contingency fund of the Board of Public Works and Safety.

The defendants-appellees, David V. Smith, Arlette M. Smith, and American Employers Insurance Company, forced this expense upon the citizens of the City of Elkhart. From the facts stipulated there is no apparent reason why the City of Elkhart, after the successful defense of its proposed work, should lose $890 of its tax-collected funds.

The trial court in Cause No. 24885 could not act until the defendants-appellees, by written undertaking, contracted for the payment to the City of Elkhart of all damages and costs accruing. Acts 1881 (Spec. Sess.), ch. 38, §183, p. 240, being §3-2107, Burns' 1946 Replacement.

It is stipulated that the damages, consisting of attorneys' fees and costs, amounted to $890. Defendants-appellees should reimburse the City of Elkhart in the sum of $890.

From the evidence before us we find that the decision of the trial court denied appellant the relief to which it was entitled under the evidence and, hence, was contrary to law.

Judgment reversed.

Carson, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 522.