PALACE PHARMACY, INC., FIDELITY AND DEPOSIT COMPANY OF MARYLAND *v.* GARDNER & GUIDONE, INC., JOS. GUIDONE'S FOOD PALACE.

[No. 1-1174A170. Filed June 18, 1975. Rehearing denied July 29, 1975. [Transfer denied January 28, 1976.]

*Forrest D. Rau,* of Indianapolis, for appellants.

*Alan Lobley, Ice Miller Donadio & Ryan,* of Indianapolis, *Ging, Free & Brand,* of Greenfield, for appellees.

ROBERTSON, C.J.—The plaintiff-appellant, Palace, is appealing from the trial court's awarding the defendant-appellee, Guidone, $7,969.40 in attorney's fees from a bond posted by Palace upon the issuance of a preliminary injunction against Guidone.

The sole issue raised by Palace is whether the judgment is contrary to law. We hold that it is not.

In mid-1968, Palace filed a complaint for injunction against Guidone. A preliminary injunction was granted with Palace posting a $10,000 bond.

Guidone appealed to the Supreme Court which upheld the granting of the preliminary injunction. *Guidone's Food Palace, Inc.* v. *Palace Pharmacy, Inc.* (1969), 252 Ind. 400, 248 N.E. 2d 354.

In late October, 1971, the trial court made the injunction permanent. Upon appeal to this court that decision was reversed and the injunction ordered dissolved. *Guidone's Food Palace, Inc.* v. *Gardner & Guidone, Inc.* (1972), 153 Ind. App. 54, 285 N.E.2d 834.

In January, 1973, Guidone filed with the trial court a motion to assess damages on Palace's bond for recovery of attorney's fees incurred in resisting the injunction. The resulting judgment is the basis of this appeal.

Palace correctly states the general rule that, in the absence of a statute, attorney's fees are not recoverable. *St. Joseph College* v. *Morrison* (1973), 158 Ind. App. 272, 302 N.E.2d 865; *Perry County Council* v. *Baertich* (1973), 157 Ind. App. 586, 301 N.E.2d 219.

However, in an action to recover damages and costs against an injunction bond, the attorney's fees incurred in obtaining a dissolution of the injunction are held to be a proper element of recovery. *City of Elkhart* v. *Smith* (1963), 135 Ind. App. 108, 191 N.E.2d 522; *Clevenger* v. *Goltry* (1924), 82 Ind. App. 110, 145 N.E.2d 332.

Palace further contends that in order to recover on a bond issued upon the granting of a preliminary injunction, there must be a showing that the plaintiff was not entitled to the preliminary injunction at the time the court granted it. Palace then asserts that since the Supreme Court held that the preliminary injunction was properly granted, Guidone should have no recovery against the bond.

The argument is incorrect for it misunderstands the reason for requiring a bond upon the issuance of a preliminary injunction.

In order for a party to obtain preliminary injunctive relief it is not necessary that he present a case sufficient to entitle him to relief upon the final disposition of the dispute. A preliminary injunction is properly granted if the party seeking that relief presents a prima facie case stating facts authorizing such relief. The relief is intended to preserve the status quo until a final determination is made. *Powell* v. *Powell* (1974), 160 Ind. App. 132, 310 N.E.2d 898; *The Ind. Annual Conf. et al.* v. *Lemon, etc.* (1956), 235 Ind. 163, 131 N.E.2d 780.

Since a preliminary injunction may result in injury to a defendant prior to a final determination of the merits of the case, no preliminary injunction may be granted "except upon the giving of security by the applicant." Ind. Rules of Procedure, Trial Rule 65(C). The security is intended to compensate the defendant for any damages incurred as a result of the preliminary injunction if he prevails at a later hearing.

If the defendant ultimately wins the case, he should not suffer for any damages caused by a preliminary injunction granted upon a mere prima facie showing of liability. A determination that a preliminary injunction was properly granted does not preclude liability on the bond.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 329 N.E.2d 642.