NATIONAL SANITARY SUPPLY
COMPANY, Appellant–
Plaintiff,

v.

Harold Dean WRIGHT a/k/a H. Bud
Wright, a/k/a H.D. Wright,
Appellee–Defendant.

No. 27A02–9406–CV–316.

Court of Appeals of Indiana,
First District.

Dec. 27, 1994.

Transfer Denied May 4, 1995.

Karl L. Mulvaney, Nana Quay–Smith, Bingham, Summers, Welsh & Spilman, Indianapolis, for appellant.

Robert L. McLaughlin, Wood McLaughlin & Sterner, Indianapolis, for appellee.

BAKER, Judge.

This is a case of first impression questioning whether attorney fees and costs are recoverable when a preliminary injunction is dissolved on appeal due to the trial court's failure to enter findings of fact and conclusions of law, rather than on the merits of the case. Appellant-plaintiff National Sanitary Supply Company (National) contests the trial court's award of attorney fees and costs to

appellee-defendant Harold Dean Wright, a/k/a H. Bud Wright, a/k/a H.D. Wright.

## FACTS

Wright worked as a sales representative for Superior Supply, Inc. (Superior) in Marion, Indiana. As a condition of employment, he was required to sign an agreement containing a covenant not to compete. This covenant restricted Wright from working for a competitor of Superior in certain surrounding counties for six months after his employment with Superior ceased. In September of 1991, Superior's assets were sold to National which became Wright's new employer. National also required Wright to sign an employment contract containing a covenant not to compete. This covenant was similar to Superior's except that the time limitation was for one year and the covenant was applicable to accounts that National had assigned to Wright. Wright signed the agreement and continued working for National until November 19, 1991, at which time he terminated his employment and went to work for a competitor. While working for the competitor, Wright began calling on accounts he had been assigned while employed by National. National sought a preliminary and permanent injunction, as well as damages, for Wright's alleged breach of the covenant not to compete. After a hearing on January 27, 1992, the trial court issued a preliminary injunction prohibiting Wright from soliciting any of National's customers with whom he had contact while employed by National. Wright filed an interlocutory appeal to this Court asserting that the injunction was not properly issued because the trial court had failed to enter specific findings of fact and conclusions of law as required by Ind. Trial Rule 52(A). In an unpublished decision, we reversed the preliminary injunction because of the trial court's omission and remanded for further proceedings. *Wright v. Nat'l Sanitary Supply Co.,* No. 27A02–9202–CV–87, 595 N.E.2d 757 (table) (Ind.App. June 30, 1992). Accordingly, the trial court dissolved the preliminary injunction on July 27, 1992.

On October 14, 1992, Wright filed a motion for determination of liability under Ind.Trial Rule 65(C), requesting damages for wrongful enjoinment and an award of attorney fees and costs for defending the preliminary injunction. On November 9, 1992, the court notified the parties that the case had been selected for possible mediation. The following day, National filed a motion to dismiss Wright's motion for determination of liability and a motion for entry of findings of fact and conclusions of law on the preliminary injunction. Wright objected to both of National's motions. On November 19, 1992, the one-year time period of National's covenant not to compete expired and National could no longer seek enforcement of it. Thus, the issue of further injunctive relief to enjoin Wright from competing against National had become moot since Wright was now free to enter into competition. Regardless, on December 7, 1992, without ruling on the pending motions, the judge ordered the parties to mediate.

During mediation, which began on September 8, 1993, the parties, having realized that the covenant had expired thus causing the underlying issues to become moot, entered into a stipulation in which they submitted the only remaining issue of costs pursuant to T.R. 65(C) to the trial court. In the stipulation, the parties specifically dismissed all the other issues in the case, including whether National was entitled to damages for Wright's alleged breach of the covenant not to compete. Thus, mediation did not result in a final resolution of the case because all the issues, other than T.R. 65(C) damages, presented by the parties' pending motions were foreclosed from the trial court's determination by the effect of the covenant's expiration and the parties' stipulation. As a result, on March 7, 1994, the trial court ruled on the stipulated issue of damages and awarded Wright $16,000. The court did not enter any findings of fact or conclusions of law on the underlying merits of the case nor did it determine that the preliminary injunction was not warranted by the circumstances of the case; these issues were considered dismissed with prejudice in accordance with the parties' stipulation.

## DISCUSSION AND DECISION

National appeals the court's order claiming that Wright is not entitled to costs under

T.R. 65(C) because he has not shown that there was a final determination on the merits of the case establishing that he was wrongfully enjoined.

■ A court on appeal reviews a stipulated question of law under a de novo standard of review. *Aetna Cas. & Sur. Co. v. Crafton* (1990), Ind.App., 551 N.E.2d 893, 894. Here, the question of law presented to the trial court dealt with an award of attorney fees under T.R. 65(C). That rule provides:

> Security. No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

T.R. 65(C) is an exception to the American Rule, recognized in Indiana, which generally makes parties responsible for their own attorney fees. *Willie's Constr. Co. v. Baker* (1992), Ind.App., 596 N.E.2d 958, 963, *trans. denied.* The reason for the exception is that preliminary injunctions do not require a full hearing on the facts of a case and, thus, there is a likelihood that an injunction may be wrongfully issued. *Palace Pharmacy, Inc. v. Gardner & Guidone, Inc.* (1975), 164 Ind. App. 513, 515, 329 N.E.2d 642, 644. The security contemplated by T.R. 65(C) is intended to protect and compensate a defendant for any damages incurred as a result of a wrongfully issued preliminary injunction. *Id.*

■ In the present case, the trial court failed to require that National post a bond, pursuant to T.R. 65(C), as security for the issuance of the preliminary injunction. Although this constitutes error, since the trial court has already dissolved the preliminary injunction, the time for posting security has passed. *Hacienda Restaurant v. Hacienda Franchise* (1991), Ind.App., 569 N.E.2d 661, 671, *trans. denied.* Nevertheless, a wrongfully enjoined defendant's recovery is not limited to the amount of security provided for under T.R. 65(C). *Peters v. Davidson, Inc.* (1977), 172 Ind.App. 39, 47, 359 N.E.2d 556, 562. Wright may recover any amount of damages for wrongful enjoinment directly from National. *See id.*

The parties agree that the "wrongful enjoinment" of a defendant may subject the plaintiff to paying costs and damages under T.R. 65(C). *Ridenour v. Furness* (1989), Ind.App., 546 N.E.2d 322, 327. However, the parties dispute what constitutes wrongful enjoinment. National asserts that wrongfully enjoined means that a defendant has finally prevailed on the merits of the claim such that the injunction should never have been granted. In other words, National argues that Wright must prove that he was, in fact, wrongfully enjoined not on a mere procedural technicality but on the merits by showing that the covenants were unenforceable or that he did not violate them.

To the contrary, Wright claims that the merits of the case are irrelevant to whether he is entitled to damages under T.R. 65(C). He posits that the mere fact that the injunction was ultimately dissolved proves that he was wrongfully enjoined and entitles him to the recovery of damages.[1] In support of his contention, Wright cites *Laux v. Chopin Land Assocs., Inc.* (1993), Ind.App., 615 N.E.2d 902, 905, *trans. denied,* for the proposition that when a preliminary injunction is dissolved and a permanent injunction is not put into its place, the enjoined party is generally entitled to compensation for damages incurred. National agrees with this statement, but adds that in most cases where a permanent injunction is not subsequently entered there has been a determination that

---

1. Wright cites *Robertson v. Smith* (1891), 129 Ind. 422, 28 N.E. 857 (damages awarded where court had no personal jurisdiction to issue injunction) and *All Members of AFL–CIO v. Yost Constr. Co.* (1975), 166 Ind.App. 124, 333 N.E.2d 892 (damages recoverable when injunction was dissolved because trial court lacked subject matter jurisdiction) for the proposition that attorney fees are recoverable if an injunction is wrongfully issued, not upon the merits, but rather because the courts lacked jurisdiction. However, we find that these cases are easily distinguishable from this case. In both, the trial courts had no jurisdiction and could never have issued valid injunctions. In the present case, the trial court could have issued a valid injunction if it had not failed to make the required findings of fact and conclusions of law.

the plaintiff was not entitled to injunctive relief based on the facts of the case.

*Laux* involved a preliminary injunction which enjoined a farmer from conducting any hog farming. *Id.* When the final injunction was issued, it permitted the farmer to conduct limited hog farming. *Id.* This court found that the farmer was wrongfully enjoined to some extent and remanded for a determination of damages attributable to the overly broad injunction. *Id.* The present case is distinguishable from *Laux* in that there was no finding that the preliminary injunction was wrongfully granted or overly broad. Since there was never a subsequent hearing on the merits of the case, such as the hearing that occurs when a court is determining whether to issue a permanent injunction, no determination was made that the preliminary injunction was wrongfully granted because the covenants were unenforceable.

■ In *Gubbins v. Delaney* (1916), 64 Ind. App. 65, 71, 115 N.E. 340, 342, this court held that no right of action accrues upon an injunction bond until the court has finally decided that the plaintiff was not entitled to the injunction or until something occurs equivalent to such a decision. Similarly, in *Palace,* we held that a defendant is entitled to attorney fees for defending an injunction if he prevails at a later hearing or otherwise ultimately wins the case. 164 Ind.App. at 515, 329 N.E.2d at 644. Hence, we hold that the test for determining if a preliminary injunction was wrongfully issued is not whether the injunction was ultimately dissolved but rather whether injunctive relief was warranted under the facts of the case.[2] A defendant's entitlement to attorney fees and costs under T.R. 65(C) arises when he proves that it has been finally or ultimately determined that injunctive relief was not warranted on the merits. *See also, Howard D. Johnson Co. v.*

*Parkside Devel. Corp.* (1976), 169 Ind.App. 379, 348 N.E.2d 656 (T.R. 65(C) provides an expeditious means of recovery of damages by a prevailing defendant); *Hacienda,* 569 N.E.2d at 671 (security requirement of T.R. 65(C) is intended to compensate defendant for damages resulting from a preliminary injunction if he prevails at a later hearing). Thus, the merits of the case cannot be divorced from the determination on the issue of damages. To do so would be to permit a defendant to recover damages when he or she may have been rightfully enjoined.

■ Here, when Wright appealed the preliminary injunction, this court had the power to review the case and dissolve the injunction based upon the merits. However, we refused to do so because no findings of fact and conclusions of law had been entered by the trial court. *See Whiteco Indus., Inc. v. Nickolick* (1990), Ind.App., 549 N.E.2d 396, 397–98 (where facts of case are not simple and not in record, court's granting of preliminary injunction without entering findings of fact and conclusions of law constitutes reversible error). Instead, we directed the trial court to issue the required findings and conclusions and we never reached the merits. Further, because the covenant not to compete had expired rendering the underlying issue moot, the question of law stipulated during mediation limited the trial court's inquiry only to the issue of attorney fees and costs, and the court did not consider the merits at that stage either. Thus, there has never been a finding that National was not entitled to the preliminary injunction. It would be inequitable to punish National for the trial court's error, by requiring it to pay Wright's attorney fees and costs, when Wright may have been rightfully enjoined.

■ In conclusion, all trial court judgments, including preliminary injunctions, are cloaked with a presumption of correctness.

> Absent a hearing on the merits, no determination can be made that a temporary restraining order has been wrongfully issued (as opposed to a finding that it was technically deficient). Only after the enjoined party has been vindicated by successfully defending against the suit on the merits can it be held that he was wrongfully restrained.

We agree.

---

**2.** Although the parties present caselaw from other states, we find no need to look to foreign jurisdictions to resolve the issue of when a party may recover damages under T.R. 65(C). We observe, however, that Colorado's version of T.R. 65 is identical to Indiana's statute. In *Cross v. Bd. of Directors of Plains Cooperative Tel. Ass'n Inc.* (1977), 39 Colo.App. 569, 570 P.2d 1307, 1308, the court stated:

*Indiana Dep't of State Revenue v. Caylor–Nickel Clinic, P.C.* (1992), Ind., 587 N.E.2d 1311, 1312–13. This cloak was not removed by the dissolution of the injunction which resulted solely due to the trial court's procedural error and not because the facts of the case did not warrant the issuance of the injunction. Accordingly, Wright is not entitled to recover attorney fees and costs from National. We reverse the trial court's award. Because the stipulation dismissed all other issues of the case, National has waived any entitlement it may have had to damages for Wright's breach of the covenant not to compete.

Judgment reversed.

ROBERTSON and SULLIVAN, JJ., concur.