This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Scherba Industries, Inc., appeals from the judgment of the Medina County Court of Common Pleas, which modified the restrictive covenant placed on Appellee/Cross-Appellant, Dennis Harkai. We affirm.
{¶ 2} Previously, this Court dismissed Appellant's appeal for lack of jurisdiction as the trial court failed to enter a "judgment or final order" disposing of the issues. Harkai v. Scherba Industries, Inc.
(2000), 136 Ohio App.3d 211, 221. Thereafter the trial court entered a final judgment entry on January 16, 2002. Both parties timely appealed. Appellant presents three assignments of error for our review; Appellee presents two cross-assignments of error for review. We note that Appellee's second cross-assignment of error is raised conditionally should this Court sustain any of Appellant's related assignments of error.
 ASSIGNMENT OF ERROR I
{¶ 3} "The trial court erred when it failed to award costs, pursuant to [Civ.R.] 3(C)(2), associated with the change of venue."
{¶ 4} Appellant maintains that the trial court erred by failing to award costs pursuant to Civ.R. 3(C)(2), after granting Appellant's motion to transfer venue. Appellant's assertions lack merit.
{¶ 5} Pursuant to Civ.R. 3(C)(2), "[w]hen an action is transferred to a county which is proper, the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in a county other than stated to be proper in division (B)[.]" (Emphasis added.) The standard upon which a court may determine to award costs is "whether there was a deliberate or heedless filing of an action in a county where venue is not proper." State exrel. Schneider v. Bd. of Educ. (Mar. 18, 1985), 9th Dist. No. 3790. However, an award is essentially within the sound discretion of the trial court as established by use of the term "may." Buchholz BehrmanGrain Co. v. Spencer (June 30, 1987), 3rd Dist. No. 12-85-9. See State exrel. Schneider, supra. Accordingly, a trial court's decision regarding an award of attorney's fees will not be reversed absent an abuse of discretion. Geriatric Nursing Care v. Eastgate Health Care Ctr., Inc.
(July 12, 1993), 12th Dist. No. CA93-03-022; Atwood Resources, Inc. v.Lehigh (1994), 98 Ohio App.3d 293, 300. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
{¶ 6} Having reviewed the record, we find no abuse of discretion in the trial court's failure to award attorney fees and costs to Appellant. The trial court could properly conclude that the filing of the original lawsuit in Cuyahoga County did not rise to the level justifying an award of attorney's fees in connection with the transfer of venue. Appellee cites Civ.R. 3(B)(3), "[a] county in which the defendant conducted acivity that gave rise to the claim for relief[,]" and Civ.R. 3(B)(6), "[t]he county in which all or part of the claim for relief arose[,]" as grounds for venue in Cuyahoga County. More specifically, Appellee states that the activities that gave rise to his desire to file this action were "the sending of an attorney's letter on behalf of [Appellant] from the attorney in Cuyahoga County to [Appellee] in Cuyahoga County, and *** a phone call preceding the letter which the attorney made from Cuyahoga County to [Appellee] in Cuyahoga County[.]" In light of Appellee's alleged basis for venue, the filing of the original suit in Cuyahoga County was not so heedless of venue considerations as to justify an award of costs. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
{¶ 7} "The trial court erred when, after finding that the restrictive covenant was necessary to protect [Appellant's] confidential information, it reduced the restrictive period from the agreed period of 36 months, to a period of 18 months, when there was no evidence whatsoever offered by [Appellee] that 18 months was an appropriate or reasonable period."
 ASSIGNMENT OF ERROR III
{¶ 8} "The trial court erred when, after reducing the restrictive period from the agreed period of 36 months to a period of 18 months (thereby reducing the period by 1/2), it failed to also order [Appellee] to reimburse 1/2 of the consideration which [Appellenat] had paid to [Appellee] in exchange for a 36 month restrictive period."
{¶ 9} In assignments of error two and three, Appellant assigns errors to decisions concerning a covenant not to compete. Upon review of the record, we find these issues to be moot.
{¶ 10} An action must be dismissed as moot unless it appears that a live controversy exists. Lorain Cty. Bd. of Commrs. v. United StatesFire Ins. Co. (1992), 81 Ohio App.3d 263, 266-67. The covenant not to compete at issue in this case has expired. The 36 months that Appellant bargained for has passed. Specifically, the record indicates that the employment termination date was November 26, 1996. The covenant not to compete expired, at the latest, three years later on November 26, 1999. The trial court specifically found that Appellee did not compete during this timeframe. Moreover, no injunctions were issued enjoining operation of the restrictive covenant. As such, the covenant has expired; a covenant not to compete that expires by its own terms moots requests to enforce such an agreement. National Sanitary Supply Co. v. Wright
(1994), 644 N.E.2d 903, 906 (stating that the issue of enjoining past employee from competition had become moot once the covenant not to compete had expired); In re Talmage (N.D.Ohio. 1988), 94 B.R. 451, 453-54
(finding that a court is not able to specifically enforce a covenant not to compete after it expired by its own terms). See, also, Tansey-Warner,Inc. v. Phelan (Mar. 30, 1999), Del.Ch. No. 1911-S; Peoples Sec. LifeIns. Co. v. Fletcher (Mar. 16, 1988), Del.Ch. No. 913.
{¶ 11} As this court will not decide issues which are lacking live controversies, we decline to further address Appellant's assignments of error two and three which pertain to the expired covenant not to compete. See Miner v. Witt (1910), 82 Ohio St. 237, 238-39. Assignments of error two and three are moot.
 CROSS-ASSIGNMENT OF ERROR I
{¶ 12} "The *** trial court's October 8, 1998 denial of [Appellee's] October 5, 1998 request for attorney fees, which denial was re-entered on January 16, 2002, was an abuse of discretion."
{¶ 13} In his first cross-assignment of error, Appellee avers that the trial court erroneously denied his request for "attorney fees and expenses in this declaratory judgment action" pursuant to R.C.2721.09. We disagree.
{¶ 14} Appellee cites the previous version of R.C. 2721.09 when requesting attorney fees. That statute provided for, "[w]henever necessary or proper, further relief based on a declaratory judgment[.]" However, Appellee incorrectly concluded that the current versions of R.C. 2721.09 and R.C. 2721.16 did not apply to his claims.
{¶ 15} R.C. 721.09 now reads: "Subject to [R.C. 2721.16], whenever necessary or proper, a court of record may grant further relief based on a declaratory judgment[.]" R.C. 2721.16, which became effective on September 24, 1999, prohibits an award of attorney fees on a claim for declaratory judgment unless the Revised Code explicitly authorizes such an award. Jewett v. Owners Ins. Co., 5th Dist. No. 01 CA 38, 2002-Ohio-1282, at ¶ 11. R.C. 2721.16(A) expressly applies to "[a]n action or proceeding that was commenced prior to September 24, 1999, that is pending in a court of record on that date, and that seeks declaratory relief under this chapter." R.C. 2721.16(B)(2). R.C. 2721.16 may be applied retroactively as the "provisions in th[at] section are remedial in nature[;]" the statute will not violate the Ohio Constitution if applied retroactively. R.C. 2721.16(B). See Jewett at ¶ 23; Bielat v.Bielat (2000), 87 Ohio St.3d 350, 354 (holding that purely remedial statutes do not violate the Ohio Constitution even when applied retroactively).
{¶ 16} Moreover, it has been determined that R.C. 2721.16 is not applied in an unconstitutionally retroactive manner when the plaintiff was not a prevailing party at the time the statute became effective. Sturtv. Grange Mut. Cas. Co. (2001), 145 Ohio App.3d 70, 76. In Sturt, the plaintiff did not prevail in the declaratory matter until February 1, 2000. As only a prevailing party is entitled to recover attorney fees, the plaintiffs in Sturt had no such entitlement until a judgment had been entered. Id. On September 24, 1999, when R.C. 2721.16 became effective, the plaintiff's declaratory claim, for which attorney's fees were requested, was still pending. Thus, no recovery of attorney fees was permitted by the statute. Id.
{¶ 17} A similar factual scenario exists in the present case. On October 5, 1998, Appellee filed a motion for attorney fees in accordance with R.C. 2721.09. However, a final, appealable order was not entered by the trial court until January 16, 2002. As stated above, only the prevailing party is entitled to recover pursuant to the statute. Id.
Therefore, Appellee was not entitled to recover attorney fees at the time his motion was filed because he had not yet prevailed. See id. On January 16, 2002, when Appellee became the prevailing party in the matter, the statute prohibiting recovery of attorney fees was already in effect. As Appellee's right to attorney fees had not vested prior to September 24, 1999, no recovery is permitted by R.C. 2721.16(B)(2). See id. Accordingly, Appellee's first cross-assignment of error is overruled.
 CROSS-ASSIGNENT OF ERROR II
{¶ 18} "The *** trial court's November 19, 1997 granting of [Appellant's] motion to transfer venue was an error of law."
{¶ 19} Appellee's second cross-assignment of error has been conditionally raised. See App.R. 3(C)(1). In this conditional assignment of error, Appellee argues that the trial court erred in granting Appellant's motion to transfer venue. However, we have determined that Appellant's assignments of error lack merit. Therefore, Appellee's conditional assignment of error is rendered moot. Stephenson v. YellowFreight Systems, Inc. (Oct. 26, 1999), 10th Dist. No. 99AP-77; Starr v.Dotsikas (Aug. 6, 1998), 8th Dist. No. 73201. Accordingly, this Court will not address Appellee's conditional cross-assignment of error.
{¶ 20} Appellant's first assignment of error and Appellee's first cross-assignment of error are overruled. Appellant's second and third assignments of error and Appellee's conditional cross-assignment of error are deemed moot. The decision of the Medina County Court of Common Pleas is affirmed.
BAIRD, J. and CARR, J. CONCUR.