**ACE BAIL BONDS, American Bail Bond Company, Bertholet Bail Bond, and Express Bail Bond, Appellants–Plaintiffs/Counter–Defendants,**

v.

**GOVERNMENT PAYMENT SERVICE, INC., Appellee–Defendant/Counter–Plaintiff.**

No. 49A02–0710–CV–842.

Court of Appeals of Indiana.

Aug. 29, 2008.

Douglas M. Grimes, Douglas M. Grimes, P.C., Gary, IN, Attorney for Appellants.

Mark R. Waterfill, James B. Chapman II, Dann Pecar Newman & Kleiman, P.C., Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Ace Bail Bonds, American Bail Bond Company, Bertholet Bail Bond, and Express Bail Bond (collectively, the "Bail Agents") appeal the trial court's order: (1) granting the release of the Bail Agents' $2,500 bond to Government Payment Service, Inc. ("GPS"); and (2) awarding GPS attorney fees in the amount of $88,564. On appeal, the Bail Agents raise the following restated issue: whether the trial court erred in awarding costs and attorney fees to GPS pursuant to Indiana Trial Rule 65(C) following the reversal of a permanent injunction against GPS.

We vacate and remand.[1]

## FACTS AND PROCEDURAL HISTORY

On March 27, 2003, the Bail Agents filed a "Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction and Damages," claiming that GPS had tortiously interfered with the Bail Agents' business by issuing bail bonds in violation of IC 27–10–3–1. *See Gov't Payment Serv., Inc. v. Ace Bail Bonds*, 854 N.E.2d 1205, 1207 (Ind.Ct.App.2006), *trans. denied*. That same day, the Lake Superior Court entered the temporary restraining order ("TRO") sought by the Bail Agents, and required them to post a $2,500 injunction bond pursuant to Indiana Trial Rule 65. The TRO expired on April 7, 2003. *Id.* The Lake Superior Court transferred the case and the bond to the Marion Superior Court on July 7, 2003. *Id.* at 1207.

Thereafter, GPS filed a counterclaim against the Bail Agents, which requested attorney fees, costs, expenses, and damages sustained as a result of being wrongfully enjoined. *See GPS*, 854 N.E.2d at 1210. "[T]he nature of GPS's counterclaim was malicious prosecution on the basis that GPS had to defend against the wrongful request for a TRO." *Id.*

Following a bench trial, on July 12, 2005, the trial court (1) permanently enjoined GPS from facilitating cash bail in Indiana, and (2) denied GPS's counterclaim for malicious prosecution. In an October 11, 2006 published opinion, this Court reversed the trial court's permanent injunction against GPS and affirmed the trial court's denial of GPS's counterclaim. Our Supreme Court denied transfer, and the case was certified on April 12, 2007.

The trial court, *sua sponte*, scheduled an attorney conference for June 4, 2007.[2] Upon receiving notice of the upcoming

---

1. The Table of Contents in the Appellants' Appendix provides that pages 1 through 15 contain the Notice of Completion of Clerk's Record, Chronological Case Summary ("CCS"), and Appealed Final Order. None of these documents can be found in the Appendix. In fact, the numbering of the Appendix begins with the third page of the Transcript numbered as page 18. Further, there are two copies of each page, causing the numbering to read 18, 18, 19, 19, 20, 20, etc. This Court found copies of the missing documents in the manila case folder, with file-stamp dates of August 10, 2007 and September 28, 2007. We remind Appellants' counsel of Appellate Rule 50(A)(2), which in pertinent part provides: "The appellant's Appendix shall contain ... copies of the following documents, if they exist: (a) the [CCS]; (b) the appealed judgment or order...."

2. The trial court initially set the attorney conference for November 22, 2006, but delayed the conference after learning that the case was still pending on a petition for rehearing before the court of appeals. The trial court, likewise, had to wait until the Indiana Supreme Court denied transfer on April 12, 2007.

hearing, Douglas Grimes, counsel for the Bail Agents, "contacted the [trial] court and inquired about the setting and after the person appeared to have checked the court's calendar, told Grimes that there was no record of such a setting and to ignore the notice." *Verified Mot. to Remand* at 4. GPS's counsel participated in the June 4, 2007 conference by telephone, but Grimes did not participate. *CCS* at 8. Unsure whether the court had the correct address for the Bail Agents' counsel, the trial court reset the conference for June 18, 2007 and again sent "Free–Form Text" notices to all counsel. *CCS* at 8. Grimes did not receive the notice. *Verified Mot. to Remand* at 4.

On June 18, 2007, although Grimes again failed to appear, the trial court proceeded with the hearing on the issues of costs and fees. *Tr.* at 3. Citing to Trial Rule 65(C), the trial court awarded GPS the $2,500 bond and attorney fees in the amount of $88,564, which covered attorney services rendered from March 27, 2003 through June 18, 2007. *Tr.* at Ex. 1. The Bail Agents now appeal.

### DISCUSSION AND DECISION

■ The Bail Agents contend that this court's October 11, 2006 opinion, which denied GPS attorney fees, was binding on the trial court. As such, the Bail Agents argue that it was an abuse of discretion for the trial court to grant GPS the $2,500 bond and attorney fees. Citing to the "law of the case" doctrine, the Bail Agents argue that the issue of costs and attorney fees was previously decided against GPS. We disagree.

■ As a general rule, "the 'law of the case' doctrine designates that an appellate court's determination of a legal issue is binding on both the trial court and the Court of Appeals in any subsequent appeal given the same case and substantially the same facts." *Herrell v. Casey,* 609 N.E.2d 1145, 1146 (Ind.Ct.App.1993) (quoting *Cha v. Warnick,* 476 N.E.2d 109, 114 (Ind. 1985), *cert. denied,* 474 U.S. 920, 106 S.Ct. 249, 88 L.Ed.2d 257, (1985)). In the 2006 decision, our court determined that costs and attorney fees were not appropriate; however, that decision arose from GPS's counterclaim for malicious prosecution and not a determination under Trial Rule 65(C). *GPS,* 854 N.E.2d at 1210.

■ To prove malicious prosecution, GPS would have had to prove the Bail Agents: (1) instituted an original action against GPS; (2) the Bail Agents acted maliciously in so doing; (3) the Bail Agents had no probable cause to institute the original action; and (4) the original action was terminated in GPS's favor. The trial court denied GPS's counterclaim. On appeal, we affirmed the trial court's decision on the basis that "the original action was not terminated in GPS's favor." *GPS,* 854 N.E.2d at 1211. "The rule in Indiana is that a decision by a competent tribunal in favor of the person(s) who initiated the civil action complained of is conclusive evidence of probable cause, even though that decision was subsequently reversed on appeal." *Chapman v. Grimm & Grimm, P.C.,* 638 N.E.2d 462, 464 (Ind.Ct. App.1994). The trial court's imposition of a permanent injunction, *i.e.* its determination in favor of Bail Agents, conclusively established probable cause to institute the original action and thereby defeated GPS's claim for malicious prosecution. *See id.* at 464–65.

■ Under Trial Rule 65(C), "no right of action accrues upon an injunction bond until the court has finally decided that the plaintiff was not entitled to the injunction or until something occurs equivalent to such a decision." *Nat'l Sanitary Supply Co. v. Wright,* 644 N.E.2d 903, 906 (Ind.Ct.

App.1994), *trans. denied.* In *Palace Pharmacy, Inc. v. Gardner & Guidone, Inc.*, we held that a defendant is entitled to attorney fees for defending an injunction if he prevails at a later hearing or otherwise ultimately wins the case. 164 Ind.App. 513, 515, 329 N.E.2d 642, 644 (1975). Here, the wrongfulness of the injunction was not "finally or ultimately determined" until April 12, 2007, when the Clerk certified the 2006 decision. Consequently, GPS's entitlement to attorneys fees and costs pursuant to Trial Rule 65(C) did not arise until that date. *Pflederer v. Kesslerwood Lake Ass'n, Inc.*, 878 N.E.2d 510, 514 (Ind.Ct.App.2007). The instant case regarding attorney fees and the counterclaim for malicious prosecution are not the same action. Therefore, the "law of the case" doctrine has no application here.

We review the decision of the trial court to award or deny attorney fees for an abuse of discretion. *Bigley v. MSD of Wayne Tp. Schools*, 881 N.E.2d 77, 81 (Ind.Ct.App.2008); *Nelson v. Marchand*, 691 N.E.2d 1264, 1269 (Ind.Ct.App.1998). Trial Rule 65(C) is an exception to the American Rule, recognized in Indiana, which generally makes parties responsible for their own attorney fees. *Wright*, 644 N.E.2d at 905. "The reason for the exception is that preliminary injunctions do not require a full hearing on the facts of the case, and, thus, there is a likelihood that an injunction may be wrongfully issued." *Id.* (citing *Palace*, 164 Ind.App. at 515, 329 N.E.2d at 644). Trial Rule 65(C) is intended to protect and compensate a defendant for any damages incurred as a result of a wrongfully issued preliminary injunction. *Id.*

Trial Rule 65(C) sets forth the security that must be provided in connection with preliminary injunctions and temporary restraining orders and provides in pertinent part:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

The reason for requiring security relates to the expeditious manner in which the preliminary injunctive relief is issued and to the lack of a full hearing upon the facts. *Barlow v. Sipes*, 744 N.E.2d 1, 11 (Ind.Ct.App.2001), *trans. denied* (citing *Wright*, 644 N.E.2d at 905). "A surety bond is a convenient manifestation of financial responsibility on the part of a plaintiff, and, by operation of Trial Rule 65. 1, provides an expeditious means of recovery of damages by a prevailing defendant." [3] *Id.* (citing *Howard D. Johnson Co. v. Parkside Dev. Corp.*, 169 Ind.App. 379, 389 348 N.E.2d 656, 663 (1976)).

Here, the Lake Superior Court issued a TRO on March 27, 2003. *GPS*, 854 N.E.2d at 1207. Trial Rule 65(B) provides in pertinent part, "Every restraining order granted *without notice* shall be indorsed with the date and hour of issuance ... and shall expire by its terms within such time after entry, not to exceed ten [10] days ...." (emphasis added). The Bail Agents' TRO was presumably granted without notice because it expired ten days later, on April 7, 2003. Security provided for under Trial Rule 65(C) is intended to compensate one who is wrongfully enjoined for fees

---

**3.** Ind. Trial Rule 65.1 provides in pertinent part that by issuing a bond, a "surety submits himself to the jurisdiction of the court and irrevocably appoints the clerk of the court as his agent upon whom any papers affecting his liability on the bond ... may be served. His liability may be enforced on motion without the necessity of an independent action."

and costs incurred while defending or attempting to dissolve a TRO entered prior to a full hearing. The same rationale does not extend to attorney fees and costs that are incurred in the defense of a permanent injunction entered after a full hearing.

 The trial court allowed GPS to recover attorney fees for the period that covered March 27, 2003 through June 18, 2007—the entire litigation. Trial Rule 65(C) entitles a party to recover cost and damages, including attorney fees, incurred in defending a wrongful injunction. *Hampton v. Morgan*, 654 N.E.2d 8, 10 (Ind.Ct.App.1995). By its terms, however, Trial Rule 65(C) is limited to restraining orders and preliminary injunctions:

> No *restraining order or preliminary injunction* shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

(Emphasis added.) The reason for requiring security arises from the expeditious manner in which the preliminary injunctive relief is issued and to the lack of a full hearing upon the facts. *Wright*, 644

N.E.2d at 905. These considerations do not obtain in the case of a permanent injunction entered following a trial on the merits.

Here, the Bail Agents' temporary restraining order was only valid from March 27, 2003 through April 7, 2003. Thereafter, the TRO expired. The trial court did not enter a preliminary injunction, but instead, entered a permanent injunction on July 12, 2005, following a trial on the merits. The Bail Agents are liable to GPS only for the damages that occurred as the result on the wrongfully issued TRO. While we agree that the trial court was within its discretion to grant costs and attorney fees pursuant to Trial Rule 65(C), we reverse and remand for the trial court to determine which fees GPS incurred in connection with its defense of the TRO.[4]

Vacated and remanded.

VAIDIK, J., and CRONE, J., concur.

---

4. While we find no evidence that GPS filed a motion after the case was certified requesting attorney fees, the following entry from the CCS, dated December 14, 2004, suggests that the trial court was addressing a pending issue:

> HEARING HELD 12–14–04 PARTIES IN PERSON BY COUNSEL. WITNESS SWORN EVIDENCE HEARD. COURT ORDERS: PER T.R. 41–13; COURT DECLINES TO RULE UNTIL EVIDENCE COMPLETED. ISSUE OF ATTORNEY FEES FOR DEFENDANT'S ATTORNEY TO BE HEARD ON SEPARATE DATE IF APPLICABLE. PETITION FOR INJUNCTION TAKEN UNDER ADVISEMENT. PROPOSED ORDER BY JANUARY 18, 05.

CCS at 5.