**Stephen M. HAY, Appellant–Plaintiff,**

**v.**

**Ronald BAUMGARTNER and Gloria Baumgartner, Appellees–Defendants.**

**No. 43A03–0810–CV–484.**

Court of Appeals of Indiana.

April 9, 2009.

Brian L. Hoffer, Randy J. Spitaels, Kindig & Sloat, PC, Nappanee, IN, Attorneys for Appellant.

Stephen R. Snyder, Randall L. Morgan, Snyder Birch and Morgan, Syracuse, IN, Attorneys for Appellees.

## OPINION

BARNES, Judge.

### Case Summary

Stephen Hay appeals the trial court's order granting $13,488.19 in attorney fees pursuant to Indiana Trial Rule 65(C) to Ronald and Gloria Baumgartner. We affirm in part, reverse in part, and remand.

### Issue

Hay raises multiple issues, which we consolidate and restate as whether the trial court abused its discretion in awarding the Baumgartners the full amount of attorney fees accrued during the litigation between the parties.

### Facts

Hay and the Baumgartners own adjoining lots in Syracuse. Apparently, the previous owners of the respective properties shared a driveway. During 2005, both Hay and the Baumgartners built new homes and garages on their properties. Because the Baumgartners' construction included a new driveway, they began to remove portions of the old shared driveway in June of 2006.

On June 26, 2006, Hay filed a motion for a temporary restraining order ("TRO") and preliminary injunction to stop the Baumgartners from removing the old driveway. Hay simultaneously filed a complaint for permanent injunction claiming he had an irrevocable license to use the driveway. The trial court entered a TRO that day and set a hearing on the motion for preliminary injunction for July 21, 2006. On July 6, 2006, Hay paid a $15,000 security bond to the clerk. On July 20, 2006, the parties stipulated to converting the TRO to a preliminary injunction. The trial court entered a preliminary injunction and vacated the July 21, 2006 hearing. Instead, a trial was set for Hay's complaint.

The trial court held the bench trial on October 18, 2006. It denied the permanent injunction on November 29, 2006,[1] and Hay filed a notice of appeal. On December 26, 2006, Hay filed a motion to restore the preliminary injunction pending appeal. The trial court reinstated the preliminary injunction pending appeal on January 3, 2007, apparently without a hearing. According to the chronological case summary ("CCS"), a hearing on the matter was set and rescheduled but apparently never held. On appeal, this court affirmed the trial court, holding that Hay and his predecessors only had a revocable license to use the Baumgartners' driveway. *See Hay v. Baumgartner*, 870 N.E.2d 568 (Ind. Ct.App.2007), *trans. denied.*

Following the appellate opinion and a denial of transfer to our supreme court, the Baumgartners filed a motion to assess damages. The trial court held a hearing on that motion on July 28, 2008. It issued an order on August 8, 2008, for Hay to pay $14,257.96 to the Baumgartners. Of that figure, $13,488.19 represented the Baumgartners' attorney fees between June 26, 2006, and July 28, 2008. An additional $769.77 was included for the removal and

---

1. The trial court also apparently concluded that Hay had only a revocable license to use the driveway. The trial court's findings and conclusions in the matter are not a part of this record.

replacement of a sprinkler system line.[2] Hay filed a motion to correct error on September 8, 2008, relying on a case handed down by this court on August 28, 2008, *Ace Bail Bonds v. Government Payment Service, Inc.*, 892 N.E.2d 702, 706 (Ind.Ct. App.2008). The trial court denied Hay's motion to correct error. This appeal followed.

### Analysis

Hay argues that the trial court's award of attorney fees is contrary to law and Trial Rule 65(C). We review the decision of a trial court to award or deny attorney fees for an abuse of discretion. *Ace Bail Bonds v. Government Payment Service, Inc.*, 892 N.E.2d 702, 706 (Ind.Ct. App.2008), *trans. denied.* Trial Rule 65(C) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of a governmental organization, but such governmental organization shall be responsible for costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

"Where a temporary injunction is dissolved and not replaced by a permanent injunction, the enjoined party is generally entitled to compensation for the damages it incurred." *Bigley v. MSD of Wayne Township Schools*, 881 N.E.2d 77, 81 (Ind. Ct.App.2008), *trans. denied.* Attorney fees may be included in costs and damages under Indiana Trial Rule 65(C). *Id.* Indiana courts have explained the function of Trial Rule 65(C) as follows:

> T.R. 65(C) is an exception to the American Rule, recognized in Indiana, which generally makes parties responsible for their own attorney fees. The reason for the exception is that preliminary injunctions do not require a full hearing on the facts of a case and, thus, there is a likelihood that an injunction may be wrongfully issued. The security contemplated by T.R. 65(C) is intended to protect and compensate a defendant for any damages incurred as a result of a wrongfully issued preliminary injunction.

*National Sanitary Supply Co. v. Wright,* 644 N.E.2d 903, 905 (Ind.Ct.App.1994). "A defendant's entitlement to attorney fees and costs under [Trial Rule 65(C) ] arises when he proves that it has been finally or ultimately determined that injunctive relief was not warranted on the merit s." *Id.* at 906.

Hay contends the Baumgartners are only entitled to the attorney fees they accrued while defending the original TRO.[3] That TRO was in place from June 26, 2006, until July 20, 2006, when it was converted to a preliminary injunction based on the parties' stipulation.[4] Hay maintains that *Ace Bail Bonds* clarified the use of Trial Rule 65(C) and made the Baumgartners'

---

**2.** Hay does not challenge this portion of the award.

**3.** Hay contends the fees accrued during this time only amount to $300. However, it seems additional charges appear on the bill during this time period.

**4.** "The difference between a preliminary and permanent injunction is procedural: a preliminary injunction is issued while an action is pending, while a permanent injunction is issued upon a final determination." *Gleeson v. Preferred Sourcing, LLC,* 883 N.E.2d 164, 171 n. 4 (Ind.Ct.App.2008).

fee award contrary to law.[5]

In *Ace Bail Bonds,* Ace moved for a TRO and permanent injunction to enjoin Government Payment Services ("GPS") from issuing bail bonds. *Ace Bail Bonds,* 892 N.E.2d at 704. The trial court entered a TRO against GPS on March 27, 2003, which expired on April 7, 2003. GPS filed a counterclaim against Ace for malicious prosecution. On July 12, 2005, the trial court permanently enjoined GPS from issuing bail bonds in Indiana and denied GPS's counterclaim for malicious prosecution. GPS appealed and this court reversed the permanent injunction, but affirmed the denial of the malicious prosecution counterclaim. *Id.* at 707. Following our supreme court's denial of transfer, the trial court sua sponte set a hearing on attorney fees. It awarded GPS a $2,500 bond and attorney fees in the amount of $88,564 that represented services from March 27, 2003, until June 18, 2007—the date of the fee hearing. Ace appealed that award. Our court reversed the fee award and remanded for the trial court to determine only the fees GPS incurred in connection with its defense of the TRO. *Id.* We concluded that Ace was "liable to GPS only for the damages that occurred as the result of the wrongfully issued TRO." *Id.* It reasoned that "Trial Rule 65(C) is limited to restraining orders and preliminary injunctions." *Id.* We went on to explain:

> The reason for requiring security arises from the expeditious manner in which the preliminary injunctive relief is issued and to the lack of a full hearing upon the facts. These considerations do not obtain in the case of a permanent injunction entered following a trial on the merits.

*Id.*

Following a trial on the merits of Hay's claims, his request for a permanent injunction was denied. Therefore, the "expeditious manner" requiring security under Trial Rule 65(C) did not arise because Hay and the Baumgartners already had a full and fair trial on the merits. Under *Ace Bail Bonds,* the only collectible Trial Rule 65(C) fees must have accrued while the Baumgartners were defending a TRO or preliminary injunction. *See Ace Bail Bonds,* 892 N.E.2d at 707 ("The same rationale does not extend to attorney fees and costs that are incurred in the defense of a permanent injunction entered after a full hearing.").

Although they are entitled to the fees accrued defending the TRO, Hay argues that the Baumgartners cannot collect fees for defending the preliminary injunction entered on July 20, 2006, because they stipulated to it. Hay is correct in pointing out that Indiana courts have not yet had the opportunity to consider the application of the fee provision of Trial Rule 65(C) when a defendant has stipulated to the entry of a preliminary injunction.

The CCS indicates that both parties stipulated to converting the TRO to a preliminary injunction. As a result of that stipulation, the trial court did not set a hearing for the preliminary injunction, but rather set a bench trial for the determination of Hay's complaint for permanent injunction. The Baumgartners argue that they were merely cooperating in the interest of judicial economy and that regardless of the parties' stipulation, it was ultimately

---

5. *Ace Bail Bonds* was handed down approximately twenty days after the trial court ordered the damage award here. Hay filed a timely motion to correct error, referencing the *Ace Bail Bonds* case, which would have been applicable. *See Grubnich v. Renner,* 746 N.E.2d 111, 117 (Ind.Ct.App.2001) ("Clarifications of the law apply retroactively."), *trans. denied.*

the trial court's discretion to issue a preliminary injunction. The Baumgartners claim they were proceeding with Hay's $15,000 security deposit in mind, believing it was available to satisfy any applicable costs and damages. Nonetheless, we conclude that a stipulation to the entry of the preliminary injunction prevents the Baumgartners from now arguing that it was wrongfully in place between July 20, 2006, and November 29, 2006.

▪ The Baumgartners acquiesced to the issuance of a preliminary injunction and cannot now say such injunction was wrongfully entered. *See Stolberg v. Stolberg*, 538 N.E.2d 1, 3, 5 (Ind.Ct.App.1989) (holding that party invited any error by agreeing, without objection, and acquiescing in procedure employed to reach an agreement during trial). Under the doctrine of judicial estoppel, a party may not assert a position in a legal proceeding inconsistent with one previously asserted. *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 950 (Ind.2005), abrogated on other grounds by *Helms v. Carmel High Sch. Vocational Bldg. Trades Corp.*, 854 N.E.2d 345 (Ind.2006).[6] By stipulating to the entry of the preliminary injunction earlier in this litigation, the Baumgartners cannot now say it was wrongfully entered. "The purpose of judicial estoppel is to protect the integrity of the judicial process rather than to protect litigants from allegedly improper conduct by their adversaries." *Smith v. State*, 765 N.E.2d 578, 583–84 (Ind.2002). The Baumgartners chose to

forego the hearing that could have resulted in a preliminary injunction and acquiesced to the automatic entry of the preliminary injunction; therefore, they cannot now challenge it as improper. The Baumgartners are not entitled to fees from the entry of the preliminary injunction on July 20, 2006, to the December 26, 2006, when Hay moved to reinstate the preliminary injunction.

▪ The parties dispute the potential for awardable fees during yet another time period of this litigation. Shortly after the bench trial, the Baumgartners were subject to a reinstated preliminary injunction, specifically from January 3, 2007, until February 2, 2008. The Baumgartners contend that Trial Rule 65(C) entitles them to the fees accrued during this time period. Hay filed a motion to restore the preliminary injunction, specifically promising and reminding the trial court that "to the extent the Baumgartners are found to have suffered any monetary loss during the pendency of Hay's appeal, the rights of the Baumgartners in this regard are already secured by the $15,000.00 security posted by Hay with and still held by the Clerk of the Court." Appellee's App. pp. 3–4. Notwithstanding the existence of any bond, the fees accrued after the judgment related to the Baumgartners defending Hay's appellate attempt to reverse the denial of a permanent injunction. The substance of the appeal appears to have focused on whether a

---

**6.** The Baumgartners make an argument that judicial estoppel requires bad faith on the part of the litigant, relying on *Morgan Cty. Hosp. v. Upham*, 884 N.E.2d 275, 280 (Ind.Ct. App.2008), *trans. denied*. *Upham* quotes *Robson v. Texas Eastern Corp.*, 833 N.E.2d 461, 466 (Ind.Ct.App.2005), *trans. denied*, for the proposition that "the dispositive issue supporting the application of judicial estoppel is the bad-faith intent of the litigant subject to estoppel." *Robson* relies on a federal deci-

sion in the bankruptcy context and both *Robson* and *Upham* deal with a litigant involved in the bankruptcy process. Those cases are distinguishable from the current matter. In any event, it is not simply judicial estoppel that prevents the Baumgartners from collecting fees based on the preliminary injunction to which they stipulated. The doctrine of invited error also prevents these contrary positions.

revocable or irrevocable license existed regarding Hay's use of the driveway. *See Hay,* 870 N.E.2d at 569. The attorney fees incurred by the Baumgartners during the appellate process do not relate to the defense of preliminary injunction; rather, the fees relate to defending a decision reached by the trial court after a full and fair hearing. We also note that no additional damages seem to have been incurred regarding the driveway during this time period. If any of the attorney fees during this time period related directly to responding to the restored preliminary injunction, however, they would be recoverable.[7]

Trial Rule 65(C) still entitles the Baumgartners to the costs incurred defending the TRO until July 20, 2006. The Baumgartners are also entitled to any fees directly related to dealing with the reinstatement of the preliminary injunction. We remand to the trial court for a determination of that total.

### Conclusion

A portion of trial court's award of attorney fees is contrary to Indiana law and Trial Rule 65(C). We affirm in part, reverse in part, and remand for the trial court to calculate and enter an award consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and MATHIAS, J., concur.

---

**7.** It seems that two entries on the bill relate directly to the Baumgartners reacting to the request for and reinstatement of the preliminary injunction—the entries on are January 2 and 3, 2007. The trial court should review these and award them to the Baumgartners if it finds they do relate to the reinstated preliminary injunction. Neither party discusses Trial Rule 62(C), which specifically addresses the reinstatement of an injunction pending appeal.