UNITED STATES FIDELITY & GUARANTY COMPANY *v.* STATE EX REL. OGDEN, ATTORNEY-GENERAL, ET AL.

[No. 15,271. Filed December 16, 1936. Rehearing denied June 16, 1937. Transfer denied October 4, 1937.]

22

*Pickens, Gause, Gilliom & Pickens,* for appellant.

*Crumpacker & Friedrich, Omer S. Jackson,* Attorney-General, *James D. Sturgis,* and *Glen L. Steckley,* Deputy Attorneys-General, for appellee.

BRIDWELL, P. J.—This action was instituted by the State of Indiana on the relation of James M. Ogden, Attorney-General, for the use of the Indiana State Highway Commission, and is brought against appellee, Hammond, Whiting and East Chicago Railway Company, a corporation, and appellant, upon an injunction bond executed by them and given pursuant to an order of the Supreme Court of this state, enjoining the Indiana State Highway Commission and certain contractors from removing the tracks of said Railway Company from a part of a highway to be paved by the contractors under a contract with said highway commission, pending an appeal in said Supreme Court. The suit seeks to recover damages alleged to have been sustained by reason of the granting of such injunction. An answer of general denial was filed to the complaint, and upon the issues thus formed the case was submitted to the court for trial which resulted in a decision in favor of plaintiff and against both defendants, for the sum of $6,712.39. Each of the defendants duly filed its separate motion for a new trial. The causes for a new trial stated in each motion therefor are identical, and as follows:

(1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) for error in the assessment of the amount of recovery in that the amount assessed is too large. Each motion was overruled, and an exception duly reserved. Judgment in accordance with the finding of the court was rendered, and this appeal perfected. The error assigned by appellant is the overruling of its motion for a new trial. In due course appellee, Hammond, Whiting and East Chicago Railway Company, filed its assignment of cross-errors, the error assigned being that the court erred in overruling its motion for a new trial. Both assignments of error present the same question, and will be considered together.

The evidence was stipulated, and there is no controversy as to the facts.

The facts necessary to be considered in determining the legal rights of the parties are as follows: On the 5th day of May, 1925, the State of Indiana, acting by and through the State Highway Commission, entered into a contract with a partnership, doing business under the firm name of McAfee and Smith, to construct a part of a state highway known as Indianapolis Boulevard, and located within the corporate limits of the city of Hammond, Lake County, Indiana, in accordance with certain plans, profiles, and specifications therefor, which were made a part of said contract, the contractors agreeing to construct such improvement for the sum of $156,090.63. Said contractors furnished a bond as required by law for the faithful performance of said contract in the penalty of $240,000, payable to the State of Indiana.

Work on the construction of said improvement began May 24, 1925, and the completion date fixed in said contract was November 15, 1925. Prior to the time when this highway was ordered improved, and the contract

for so doing let, the width of the highway was 80 feet. The plans and specifications provided for an improvement 100 feet in width. The tracks of appellee, Hammond, Whiting and East Chicago Railway Company, occupied a part of the highway to be improved, and under the terms of the contract it became and was necessary for the contractors to re-locate these tracks, and it was impossible to complete said contract according to the plans and specifications for the improvement which they had contracted to construct without removing and re-locating said tracks. A strip of pavement 30 feet in width had been constructed by said contractors to the north of said railway company's tracks before the end of the month of July, 1925, and they were continuing with the work to be done under the contract, when, in August, 1925, appellee (said railway company) brought an action in the Superior Court of Lake county, Indiana, against the individual members of the State Highway Commission, as such members, the director of such commission, as such, and against the members of the firm of McAfee and Smith as such contractors "to enjoin said defendants from tearing up, removing or interfering with the tracks of said railway company as located in said highway before the widening thereof by said commission." Upon trial of the case so filed, there was a finding and judgment for the defendants denying the injunction sought. From the judgment rendered, the plaintiff (said railway company) appealed to the Supreme Court of this state, and on October 12, 1925, filed in said court the transcript of the proceedings and its assignment of errors. On the same day it filed its application for a temporary injunction enjoining said highway commission and the said contractors "from tearing up, interfering with, or disturbing the said tracks of said railway company during the pendency of said appeal, or until further order

of said court." Upon hearing this application the Supreme Court granted the temporary injunction prayed "upon the execution of a bond therefor." The bond sued upon in the instant case executed by said railway company as principal, and appellant herein, as surety, was filed with the clerk of the Supreme Court on October 16, 1925, and at the time of the issuance of said temporary injunction, the said contractors, McAfee and Smith, were ready to continue the work required to be done in order to complete their contract. On the 22nd day of June, 1926, the Supreme Court affirmed the judgment from which said appeal was taken, but said injunction issued by the Supreme Court remained in full force until November 23, 1926, when a petition for a rehearing, previously filed by said railway company, was denied and the injunction dissolved. On the 6th day of July, 1926, after the Supreme Court had affirmed the decision of the court below, but while the injunction which it had issued was still effective, and the appeal still pending, "the said highway commission and the director of said commission, for and on behalf of the State of Indiana, with the consent and at the request of said McAfee and Smith, and by reason of the injunction issued by the Supreme Court" released said McAfee and Smith from any further obligations under their contract with the state to construct said highway improvement. In April, 1927, after the said McAfee and Smith had been released, the highway commission duly re-let to another party a contract to complete the construction of the improvement involved at a price of $6,712.39 in excess of the amount it would have been compelled to pay under the contract with McAfee and Smith had they completed the work in accordance with their contract. This extra cost of construction was paid by the state to the party entitled to receive it. The original contract between the state and McAfee and Smith provided that whenever the work

was delayed or suspended through no fault of the contractor that a reasonable extension of time would be allowed for the final completion of the contract, the length of such extension to be, as a rule, in direct proportion to the length of time during which the work was suspended.

In order to recover damages because of an injunction it must be shown that any damage sustained is the natural, actual, and proximate result of such injunction. The rule is stated in High on Injunctions (4th Ed.) §1663, as follows: "The liability on an injunction bond is limited to such damages as arise from the suspension or invasion of vested legal rights by the injunction. Speculative and remote damages are not properly allowable nor are those which are merely consequential, the limit being such damages as flow directly from the injunction as its immediate consequence." See also, 32 C. J. p. 480, §828; *Edmison* v. *Sioux Falls Water Co.* (1898), 10 S. D. 440, 73 S. W. 910; *Morgan* v. *Negley* (1865), 53 Pa. St. 153.

After reading the entire evidence, including the contract made between the state and McAfee and Smith, and the specifications for the improvement to be constructed, constituting a part thereof, we find nothing which tends to show any obligation or duty on the part of the State of Indiana, or of the State Highway Commission to release said contractors from their contract, or any part thereof, at their request on account of necessary delays in the completion of the work contracted, occasioned and occurring without any fault on the part of said contractors. The injunction did not terminate the contract; it merely suspended work thereunder while the injunction was in existence. The release of the contractors appears as a voluntary act on the part of the other party to said contract, and as heretofore stated, there are no facts appearing in

the record which even indicate that the said release was in accordance with any legal right vested in said contractors and capable of enforcement by appropriate action on their part. There is also an entire lack of evidence to prove that the issuance of the injunction in question in any manner necessitated the relinquishment by the State of Indiana of any of its contractual rights, or to prove that because of the delay occasioned thereby conditions had arisen requiring that an additional contract be let in order to have the uncompleted part of the improvement covered by the original contract constructed. Insofar as the record discloses, McAfee and Smith (and their bondsmen) were perfectly solvent at the time they were released from any further obligations under their contract. The increased cost incurred is not shown to have been the necessary and proximate result of obtaining the injunction.

Judgment reversed, with instructions to sustain the separate motions of appellant, and of appellee, Hammond, Whiting and East Chicago Railway Company, for a new trial.